# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MIGUEL A. SEGARRA,

    Petitioner,

v.                                                                            Case No. 10-C-151

MICHAEL S. THURMER,

    Respondent.

## ORDER

    The petitioner, Miguel A. Segarra, who is currently incarcerated at Waupun Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition states that the petitioner was convicted of first-degree reckless homicide and attempted armed robbery, both as party to a crime. By his petition, the petitioner challenges the April 7, 2005, judgment of conviction on the following grounds: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) judicial error.

    Upon review of the petition, this court is satisfied the petitioner is "in custody" pursuant to the conviction he now challenges. The court is also satisfied that the grounds stated by the petitioner in the petition translate, at least colorably, into a violation of his rights under the United States Constitution.

    It does not, however, appear that the petitioner either exhausted his state court remedies or that there is no available state corrective process from which the petitioner can still seek a remedy as to some of his claims. According to the petition, the petitioner filed a direct appeal on September 12, 2005, asserting that the trial court erred when it denied his motion

to suppress his statement confessing to the crime. The Wisconsin Court of Appeals denied the petitioner's appeal and the Wisconsin Supreme Court denied the petition for review. In addition, although it is not listed in the petition, on May 11, 2009, the petitioner filed a pro se petition for a writ of habeas corpus in the Wisconsin Court of Appeals pursuant to State v. Knight, 168 Wis. 2d 509, 522 (Wis. 1992). See Petition, App. A. The court of appeals addressed the petitioner's claims of ineffective assistance of appellate counsel[1] with the exception of his claim that appellate counsel failed to challenge the effectiveness of trial counsel and his claim that appellate counsel performed ineffectively by filing a no-merit petition for review in the Wisconsin Supreme Court without completing the required client counseling. The court held that pursuant to State ex re. Rothering v. McCaughtry, 205 Wis. 2d 675, 677-78, 556 N.W.2d 136 (Wis. Ct. App. 1996), the petitioner had to raise the former claim in the circuit court and that pursuant to State ex rel. Fuentes v. Wisconsin Court of Appeals, 225 Wis. 2d 446, 454, 593 N.W.2d 48 (1999), the petitioner had to raise the latter claim in the supreme court.

On December 8, 2009, the petitioner attempted to file a Wis. Stat. § 974.06(8) motion for postconviction relief in Milwaukee County Circuit Court. The motion was not accepted for filing because it exceeded the number of pages allowed by local rule. The petitioner did not refile the motion. Thus, the petitioner failed to exhaust his state court remedies with respect to his claim that appellate counsel failed to challenge the effectiveness of trial counsel. The

---

[1] Specifically, the court addressed the petitioner's claims that appellate counsel's performance was deficient because it did not include a challenge to the legality of the petitioner's initial arrest or the search incident to that arrest and the petitioner's claim that appellate counsel performed ineffectively by failing to properly argue the issue that the petitioner's confession was coerced and, therefore, should not have been admitted at trial.

petitioner did not file a claim with the Wisconsin Supreme Court regarding his appellate counsel's filing of a no-merit petition for review and, therefore, he failed to exhaust his state court remedies as to that claim.

In addition, many of the grounds of the petition were not presented to the Wisconsin courts, including the petitioner's claim of prosecutorial misconduct and his claim of judicial error except as it relates to the denial of his motion to suppress his statement confessing to the crime. As to these claims, there is likely no available state corrective process from which the petitioner can still seek a remedy because "[i]n Wisconsin, [ ] claims for postconviction relief must be raised at the first opportunity unless the court finds there was a sufficient reason for failing to raise the claim earlier." Northern v. Boatwright, 594 F.3d 555, 559 (7th Cir. Wis. 2010) (citing State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 [Wis. 1994]).

The petition, therefore, contains both exhausted and unexhausted claims. A court cannot grant a petition if it contains unexhausted claims unless the respondent expressly waives the requirement. 28 U.S.C. § 2254(b). In Rose v. Lundy, 455 U.S. 509, 518-519 (1982), the United States Supreme Court held that mixed habeas corpus petitions (petitions containing both exhausted and unexhausted claims) must always be dismissed in their entirety. Although a majority agreed that such petitions may never be entertained, it gave rebuffed petitioners two choices: (1) either withdraw the entire petition and return to state court to exhaust the unexhausted claims or (2) proceed with the exhausted claims and withdraw the unexhausted claims.

Either decision may have consequences that the petitioner should consider. If the petitioner chooses to withdraw his unexhausted claims and proceed with only the claims he has already exhausted in state court it will likely mean that a federal court will never be able to

- 3 -

Case 2:10-cv-00151-PJG   Filed 06/09/10   Page 3 of 4   Document 6

review his unexhausted claims. See 28 U.S.C. § 2244(a)-(b). If, however, the petitioner chooses to voluntarily dismiss his petition in its entirety he could can lose all of his claims, including those already exhausted if the statute of limitations expires during the time the petitioner returns to state court to exhaust his unexhausted claims. See 28 U.S.C. §2244(d)(1). The court currently makes no determination as to when the statute of limitations expires.

In accordance with Lundy, 455 U.S. at 520, the petitioner must inform the court of his intention to either voluntarily dismiss his petition in its entirety or dismiss only the unexhausted claims within thirty (30) days of the date of this order. If petitioner fails to inform the court concerning his intention within thirty days, the court will dismiss this petition as a mixed petition.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that within 30 days of this order, the petitioner shall notify the court he is either (1) voluntarily dismissing his petition in it entirety or (2) dismissing from his petition his unexhausted claims and proceeding with his exhausted claims. If the petitioner chooses the second option, the court will then screen his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

Dated at Milwaukee, Wisconsin this 9th day of June, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge