# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MIGUEL A. SEGARRA,

    Petitioner,

v.                                        Case No. 10-C-151

WARDEN MICHAEL S. THURMER,

    Respondent.

## DECISION AND ORDER

## NATURE OF CASE

The pro se petitioner, Miguel A. Segarra, who is currently incarcerated at Waupun Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition states that the petitioner was convicted as a party to the crimes of first degree reckless homicide and attempted armed robbery. He was sentenced to 60 years in prison. By his petition, the petitioner challenges the April 7, 2005, judgment of conviction on the following three broad categories: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) judicial error.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. §636(b)(1)(B) and General Local Rule 73(a)(1) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

Because the petition contained both exhausted and unexhausted claims, this court issued an order which provided the petitioner 30 days to inform the court whether he wished to voluntarily dismiss the entire petition or to dismiss only his unexhausted claims and proceed with his exhausted claims. See Court's Order of June 9, 2010, at 3-4. By a letter dated June 20, 2010, the petitioner notified this court that he wanted to dismiss his unexhausted claims and proceed on his exhausted claims. Thus, this petition will proceed on the following claims: (1) ineffective assistance of appellate counsel for (a) failure to challenge the illegality of the petitioner's initial arrest and the search incident to that arrest and (b) failure properly to argue that the petitioner's confession was coerced and should not have been admitted at trial; (2) prosecutorial misconduct; and (3) judicial error.

The court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed August 5, 2010, this court determined that summary dismissal under Rule 4 was not appropriate because it did not plainly appear from "the face of the petition" that the petitioner was not entitled to relief. Thus this court ordered the respondent to serve and file an answer, motion or other response to the petition for a writ of habeas corpus.

On September 30, 2010, the petitioner filed two motions: 1) "Motion for Newly Discovered Evidence Pursuant to Fed. R. Crim. P. 12(b) and 2) "Motion for Evidentiary Hearing Pursuant to 28 U.S.C. § 2254(e)(2)." (Docket ##15 and 16, respectively). On November 16, 2010, the petitioner filed a "Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 2254(h)." (Docket # 18). On September 8, 2010, the respondent filed a motion to dismiss the petition as untimely filed and a memorandum in support of his motion. (Docket

#12). The petitioner filed a response to the motion to dismiss. These motions will be addressed herein.

## **MOTION FOR NEW EVIDENCE**

The petitioner moves this court to consider several pieces of new evidence which he asserts would have changed the outcome of his trial.[1] This includes the following: (1) video or photo evidence showing that he was in a bar when the crime for which he was found guilty occurred, (2) a letter from an alibi witness to the petitioner, which the petitioner states he shared with his attorney, (3) a sworn affidavit from Matthew Stechauner, who the petitioner states was his co-defendant at trial, giving his accounts of the day the crime occurred and the reasons Mr. Stechauner implicated the petitioner, and (4) "[i]rrefutable evidence [that] was brought up after the jury trial showing inconsistencies between physical crime scene evidence and the main part of the petitioner's statement which if viewed by the jury would have acquitted him." (Petitioner's Motion for Newly Discovered Evidence Pursuant to Fed. R. Crim. P. 12(b) [New Evidence Motion] at 1). Finally, the petitioner contends in the motion that he attempted to raise these issues in a motion for post-conviction relief in state court, which was rejected for failure to abide by that court's rules regarding the length of the motion.

To the extent the petitioner is attempting to assert this evidence as additional bases for habeas relief, the law is clear that "the existence merely of newly-discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Herrera v. Collins, 506 U.S. 390, 400 (1993) (quoting Townsend v. Sain, 372 U.S. 293, 317 [1963]).

---

[1]The petitioner's motion states that it is made pursuant to Fed. R. Crim. P. 12(b), but this rule addresses pretrial motions and is inapplicable to this case. Thus, this court will address the motion under the framework of federal habeas law.

- 3 -

"This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." Id. Federal courts are empowered to grant habeas relief only on a showing that a defendant has been denied rights guaranteed under the Constitution or laws of the United States. Coogan v. McCaughty, 958 F.2d 793, 801 (7th Cir. 1992). Where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the application is made has the power to receive evidence and try the facts anew. Townsend v. Sain, 372 U.S. 293, 312 (1963).

Under a literal interpretation of the relevant law, courts have no power to grant habeas corpus relief based upon new evidence, even if that evidence might establish the petitioner's actual innocence. "Claims of actual innocence based on newly-discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera, 506 U.S. at 400.[2] Under a more liberal application of this rule, the newly-discovered evidence must still be "so compelling that it would be a violation of the fundamental fairness embodied in the Due Process Clause not to afford a defendant a new trial at which the evidence could be considered." Coogan, 958 F.2d at 801 (internal quotations omitted).

Therefore, the evidence the petitioner asserts is newly-discovered is not a ground for habeas relief in and of itself. Moreover, this court notes that this evidence is not newly-discovered. The petitioner acknowledges in his motion that his attorney was aware of the

---

[2]This rule thus leaves room for those new evidence claims that are not "freestanding," Herrera, 506 U.S. at 404-05, but relate to a separate constitutional deprivation, such as a prosecutor's failure to comply with Brady v. Maryland, 373 U.S. 83 (1963).

- 4 -

letter from his alibi witness before the trial. The petitioner also acknowledges that he had previously claimed he was in a bar during the time the crime was committed, so the photo or video evidence the petitioner refers to in his motion is not new. The petitioner did not provide any supporting documents or further information regarding the statement from Mr. Stechauner.

With respect to the inconsistencies between the physical crime scene evidence and the petitioner's statement, the petitioner already raised this issue with his appellate counsel and in his state petition for a writ of habeas corpus, so this evidence also is not newly-discovered. (Petitioner's Petition for a Writ of Habeas Corpus [Petition] at 44). The petitioner's motion also states that he attempted to raise these issues in a motion for post-conviction relief. Furthermore, the petitioner's contention regarding "irrefutable evidence" is non-specific and fails to allege facts that, if true, would entitle the petitioner to habeas relief. Townsend, 372 U.S. at 312. Accordingly, for the reasons stated herein, the petitioner's motion for newly-discovered evidence will be denied.

## **MOTION REQUESTING EVIDENTIARY HEARING**

The petitioner seeks an evidentiary hearing, stating that he is unable to "express himself in writing" and has new evidence which he contends his attorneys did not investigate. (Petitioner's Motion for Evidentiary Hearing Pursuant to 28 U.S.C. § 2254(e)(2) [Hearing Motion] at 1). Due to the petitioner's failure to specify the new evidence, this court will assume that the petitioner is alleging the same "new" evidence he asserted in his motion for newly-discovered evidence.

Section 2254(e)(2) of Title 28, United States Code, addresses the requirement to obtain an evidentiary hearing. It provides:

> "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows a factual predicate that could not have been previously discovered through the exercise of due diligence."

28 U.S.C. § 2254(e)(2)(A).

"A federal court's ability to hold an evidentiary hearing in order to supplement the record when the petitioner 'has failed to develop the factual basis of a claim in State court proceedings' is severely circumscribed." Boyko v. Parke, 259 F.3d 781, 789-90 (7th Cir. 2001) (quoting 28 U.S.C. § 2254[e][2]). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." Williams v. Taylor, 529 U.S. 420, 437 (2000).

In Williams, the Supreme Court clarified the scope of § 2254(e)(2)'s restrictions. In that case, the Court emphasized that the focus should be on whether the petitioner was diligent in his efforts to develop the facts, not on whether they were discoverable. "Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . . ." Id. at 435. Diligence generally requires that the petitioner, "at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id. at 437. If the petitioner fails to develop the record in state court, "§ 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met." Id.

The petitioner seeks an evidentiary hearing because of his inability to "express himself in writing" and the discovery of new evidence he contends his attorney did not investigate. As this court has already determined, the evidence in the petitioner's motion for newly-discovered

- 6 -

evidence is not new and fails to allege facts that, if true, would entitle him to habeas relief. Townsend, 317 U.S. 293, 312. It is well established that in habeas cases, a federal court is not an alternate forum for trying facts and issues which a prisoner did not sufficiently pursue in state proceedings. Williams, 529 U.S. at 437.

Moreover, there is no indication that this newly-discovered evidence was not discoverable through the exercise of due diligence at the time of the petitioner's state court proceeding. In fact, the petitioner acknowledges that he was aware of this evidence before his trial. Thus, the petitioner has not made the showing required by 28 U.S.C. § 2254(e)(2). Accordingly, the petitioner is not entitled to an evidentiary hearing and, therefore, his motion for an evidentiary hearing will be denied.

## **MOTION TO DISMISS**

The respondent moves to dismiss the petition for a writ of habeas corpus as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) gives state prisoners one year from the final disposition of their cases to file for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1); see also, Jones v. Bertrand, 171 F.3d 499, 500 (7th Cir. 1999). Specifically, 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration fo the time for seeking such review; . . ..

The AEDPA also provides for the tolling of the statute of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002), the court addressed when the one year statute of limitations under § 2244(d)(1)(A) begins to run. The court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at 674. The court held that because the plain words of the statute include the period for seeking direct review, regardless of whether a petitioner chooses to avail himself of that opportunity, the 90-day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of § 2244(d)(1)(A) for purposes of calculating when the statute of limitation begins to run. Id. at 674-75.

The petitioner was convicted in Milwaukee County Circuit Court as a party to the crimes of first degree reckless homicide and attempted armed robbery on April 7, 2005. (Petition at 2). He was sentenced to 60 years in prison on September 9, 2005. Id.

The Wisconsin Supreme Court denied the petition for review in the petitioner's direct appeal of his conviction on May 13, 2008. (Petition at 50). The petitioner had 90 days from this date to file a petition for direct review to the United States Supreme Court. See Anderson, 281 F.3d at 674-75. The petitioner did not file a petition. Therefore, the 90-day period ended on August 11, 2008, and the one-year statute of limitations began running the next day, August 12, 2008.

The petitioner filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals on May 11, 2009. (Petition at 37). As of that date, 272 days had run on the petitioner's one-year statute of limitations. The filing of the state habeas petition tolled the one-year statute of limitations. 28 U.S.C. § 2244(d)(2).

The Wisconsin Court of Appeals denied the petitioner's state habeas petition on June 30, 2009. (Petition at 41-46). The petitioner had 30 days from June 30, 2009, or until July 30, 2009, to file a petition for review with the Wisconsin Supreme Court. Wis. Stat. § 809.62(1m). Although the petitioner was entitled to seek review from the Wisconsin Supreme Court, there is nothing to indicate that he did. Therefore, the one-year limitation period began running again on July 31, 2009. See Johnson v. McCaughtry, 265 F.3d 559, 563 n.3 (7th Cir. 2001). As of that date, only 93 days of the one-year period remained.

The remaining 93-day period ended on November 1, 2009. The petitioner filed a state motion for post-conviction relief on December 8, 2009. (Petition at 4). The motion was improperly filed, but even if it had been properly filed, the statute of limitations had already run and this motion would not have restarted the expired limitation period. It was not until February 24, 2010, that the petitioner filed his federal habeas corpus petition. (Petition at 1). Thus, the petitioner's filing was untimely by more than three months. Accordingly, the petitioner's petition for a writ of habeas corpus will be denied. Given the denial of the petitioner's petition for a writ of habeas corpus, the court need not address the petitioner's motion to appoint counsel. Thus, that motion will be denied as moot.

**CERTIFICATE OF APPEALABILITY**

A certificate of appealability may "only issue if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting

Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 [1983]).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, the petition has been denied because the petitioner did not file it within the one year statute of limitations of the AEDPA.  In Owens v. Boyd, 235 F. 3d 356, 358 (7th Cir. 2000), the court held that "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability."  Because the sole basis for this court's denial of petitioner's claims is his untimely filing, the court will deny a certificate of appealability as to all of the petitioner's claims.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for newly-discovered evidence be and hereby is **denied**.  (Docket # 15).

**IT IS ALSO ORDERED** that the petitioner's motion for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2) be and hereby is **denied**.  (Docket # 16).

**IT IS FURTHER ORDERED** that the respondent's motion to dismiss the petition for a writ of habeas corpus be and hereby is **granted**.  (Docket # 12).

**IT IS ALSO ORDERED** that the petitioner's motion for appointment of counsel pursuant to 28 U.S.C. § 2254(h) be and hereby is **denied** as moot.  (Docket # 18).

**IT IS ALSO ORDERED** that this action be and hereby is **dismissed**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of December, 2010.

<div style="margin-left:40%">

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

</div>